# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALVIN L. VANCE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0854** (BOR Appeal No. 2048188)
(Claim No. 2010135699)

**EIN SERVICES, LLC/ELF COUGAR PROCESSING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alvin L. Vance, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. EIN Services, LLC/ELF Cougar Processing, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a March 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2012, refusal to add lumbago and joint pain of the lower leg as compensable conditions of the claim. The Office of Judges also reversed the claims administrator's November 10, 2011, decision to grant 2% permanent partial disability. The Office of Judges granted Mr. Vance a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vance, an employee of EIN Services, LLC, was following his boss on March 26, 2010, while he rolled a wheelbarrow backwards up a flight of stairs. Mr. Vance's boss lost his grip on the wheelbarrow and accidentally released it. In order to avoid being crushed by the free-

1

falling wheelbarrow, Mr. Vance leaped over the railing and fell several feet. When Mr. Vance landed, he felt an immediate onset of pain in his right knee. Mr. Vance reported to the hospital and was initially diagnosed with a sprain of unspecified site of the knee and an injury to the leg, ankle, and foot. Mr. Vance had an x-ray that did not show any fractures or dislocations. Thereafter, Mr. Vance underwent an MRI which revealed a macrotrabecular fracture of the posterolateral tibial plateau without depression. Mr. Vance filed for workers' compensation benefits and his claim was granted for a sprain of the leg and an upper end patella fracture. On October 26, 2011, Mr. Vance reported to Bruce Guberman, M.D., for an independent medical evaluation. After physical examination and review of the records, Dr. Guberman opined based upon Section 3, Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), that Mr. Vance had a 2% whole person impairment for the undisplaced tibial plateau fracture. The claim administrator granted a 2% permanent partial disability award based upon Dr. Guberman's report on November 10, 2011. Mr. Vance protested and asserted he was entitled to a 13% permanent partial disability award. Mr. Vance also requested that the diagnoses of lumbago and joint pain of the lower leg be added as compensable conditions of the claim. The claims administrator rejected both diagnoses on March 26, 2012, and Mr. Vance protested.

The Office of Judges determined that the conditions of joint pain in the lower leg and lumbago should not be added to the claim. The Office of Judges agreed with the claims administrator that joint pain in the lower leg is a non-descriptive, non-specific diagnosis code, and that it merely relays a symptom instead of a compensable diagnosis. The Office of Judges determined that the current diagnoses of a fracture of the upper end tibia and a sprain of the knee covered all the compensable injuries sustained on May 26, 2010. As such, the Office of Judges refused to add joint pain in the lower leg as a compensable diagnosis. In regard to the lumbago diagnosis, the Office of Judges noted that Mr. Vance introduced a nerve conduction study performed on September 14, 2012, that showed possible L5-S1 radiculopathy. The Office of Judges pointed out that Mr. Vance did not have any back symptomology until September 14, 2010, which was nearly four months after the injury and after the nerve conduction study. The Office of Judges also relied upon the reports of Prasadarao Mukkamala, M.D., Rebecca Thaxton, M.D., and Sangir Mir, M.D., submitted by EIN Services, LLC. All of the reports agreed that the possible L5-S1 radiculopathy, which was revealed in the nerve conduction study, could not be related to the May 26, 2010, injury because of the separation in time between the alleged injury and reported symptoms. Accordingly, the Office of Judges affirmed the claims administrator's decision refusing to add lumbago as a compensable condition of the claim.

The Office of Judges further concluded that Mr. Vance was entitled to a 4% permanent partial disability award based upon his compensable injury. The Office of Judges reviewed the claims administrator's decision to grant a 2% permanent partial disability award. Since it had already determined that the claim did not contain a compensable spine diagnosis, the Office of Judges disregarded the conclusion of Robert Walker, M.D., that Mr. Vance suffered 13% whole person impairment of the spine. The Office of Judges also disregarded Dr. Walker's conclusion that Mr. Vance suffered 8% whole person impairment for the knee because Dr. Walker could not have reached this result without making a mistake. The Office of Judges noted that, in order for Mr. Vance to have fallen into the 8% impairment category under Section 3, Table 41 of the

2

American Medical Association's *Guides*, he must have less than 80% flexion. Dr. Walker noted 105% flexion in the measurement section of his report, which would place Mr. Vance in the 4% disability category, not in the 8% impairment category. The Office of Judges determined that Mr. Vance had 4% whole person impairment because Dr. Walker measured less than 110 degrees of flexion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Mr. Vance has not established he is entitled to have the condition of lumbago or joint pain of the lower leg added as compensable conditions of the claim. Joint pain of the lower leg is non-specific and does not relay any valuable information. The diagnosis of fracture of the upper end tibia and sprain of the knee covered all aspects of Mr. Vance's knee injury. The symptoms of lumbago also did not manifest until four months after the injury when Mr. Vance found out his nerve conduction study might have revealed radiculopathy. Three different physicians in this appeal agree that the questionable evidence of radiculopathy is in no way related to the compensable knee injury. The injury occurred on March 26, 2010, and the symptoms of radiculopathy, or back pain, did not manifest until several months later. There have been three independent medical examinations submitted into the record. Since a spine injury has not been added as a compensable condition of the claim, the Office of Judges was correct in rejecting Dr. Walker's finding of 13% whole person impairment based upon spine impairment. Dr. Walker's report also contains an error related to the calculation of Mr. Vance's knee impairment. Dr. Walker measured 105 degrees flexion but placed Mr. Vance in an impairment category that lists less than 80 degrees flexion. Had Dr. Walker placed Mr. Vance in the correct category considering his objective measurements, it would have resulted in 4% whole person impairment. The Office of Judges adequately justified granting Mr. Vance a 4% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3